# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| AURELIA GUARDADO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:12-cv-199-CW-PMW<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Aurelia Guardado's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claim Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] *See* docket no. 15.

## BACKGROUND

Plaintiff was 54 years old when she applied for SSI.[3] She completed formal education through the ninth grade and later attained a GED high school equivalency certificate in 1977.[4] She alleges she is disabled due to a variety of physical and mental impairments.

On February 9, 2011, Plaintiff applied for SSI, alleging a disability onset date of June 1, 2007.[5] Plaintiff's application was denied initially and upon reconsideration.[6] On October 5, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[7] and that hearing was held on May 21, 2012.[8] On May 29, 2012, the ALJ issued a written decision denying Plaintiff's claim for SSI.[9] On August 24, 2012, the Appeals Council denied Plaintiff's request for review,[10] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

---

[3] *See* Administrative Record ("Tr. ____") 169.

[4] *See* Tr. 446-447.

[5] *See* Tr. 22, 199

[6] *See* Tr. 76-77.

[7] *See* Tr. 105-107.

[8] *See* Tr. 39-60.

[9] *See* Tr. 19-38.

[10] *See* Tr. 1-5.

On September 26, 2012, Plaintiff filed her complaint, and this case was assigned initially to Magistrate Judge Evelyn J. Furse.[11] The Commissioner filed her answer on November 30, 2012.[12] On January 22, 2013, this case was reassigned permanently to Judge Waddoups.[13] The same day, Judge Waddoups referred this case to Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[14]

Plaintiff filed her opening brief on January 17, 2013.[15] After receiving an extension of time,[16] the Commissioner filed her answer brief on March 18, 2013.[17] On March 28, 2013, Plaintiff filed her reply brief.[18]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be

---

[11] *See* docket no. 3.

[12] *See* docket no. 4.

[13] *See* docket no. 14.

[14] *See* docket no. 15.

[15] *See* docket no. 13.

[16] *See* docket nos. 16-17.

[17] *See* docket no. 19.

[18] *See* docket no. 20.

3

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

**ANALYSIS**

In support of her claim that the Commissioner's decision should be reversed, Plaintiff presents several arguments. One of those arguments is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Plaintiff argues that the ALJ erred in his analysis at step four of the sequential evaluation process. Step four consists of three phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ is required to evaluate a claimant's RFC. *See id*. In the second phase, the ALJ "must determine the physical and mental demands of the claimant's past relevant work." *Id*. "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*.

Plaintiff's specific argument is that the ALJ erred at phase one in his assessment of Plaintiff's RFC. Plaintiff contends that the ALJ did not provide a "function-by-function" analysis as required by Social Security Ruling ("SSR") 96-8p and, instead, stated Plaintiff's RFC in terms of the exertional category of light work. SSR 96-8p.

In relevant part, SSR 96-8p provides that

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.F.R. §] . . . 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

*Id*. In assessing Plaintiff's RFC, paragraphs (b), (c), and (d) of 20 C.F.R. § 416.945 require the ALJ to specifically assess a claimant's physical abilities, mental abilities, and other abilities affected by the claimant's impairment(s). *See* 20 C.F.R. § 416.945(b)-(d); *see also* SSR 96-8p. Paragraph (b) requires the ALJ to consider "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. § 416.945(b); *see also* SSR 96-8p. Paragraph (c) requires the ALJ to consider "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting." 20 C.F.R. § 416.945(c); *see also* SSR 96-8p.

In this case, the ALJ did not provide a function-by-function analysis of Plaintiff's work-related abilities. Instead, the ALJ expressed Plaintiff's RFC as the ability "to perform light work" with certain limitations.[19] The ALJ erred in that regard because, as mandated by SSR 96-8p, he was not allowed to simply state Plaintiff's RFC in terms of an exertional category, such as light work, unless he first identified Plaintiff's "functional limitations or restrictions and

---

[19] Tr. 26.

7

assess . . . her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.F.R. §] . . . 416.945." SSR 96-8p. When addressing the same issue, the Tenth Circuit and district courts in the Tenth Circuit have reached the same conclusion. *See, e.g.*, *Alexander v. Barnhart*, 74 Fed. App'x 23, 28 (10th Cir. 2003); *Hodgson v. Apfel*, No. 98-2067, 1999 U.S. App. LEXIS 1487, at *10-11 (10th Cir. Feb. 3, 1999); *Guana v. Astrue*, No. 11-cv-02781-LTB, 2013 U.S. Dist. LEXIS 10954, at *15-16 (D. Colo. Jan. 28, 2013); *Baysinger v. Astrue*, No. 11-cv-00333-WYD, 2012 U.S. Dist. LEXIS 42381, at *8-9 (D. Colo. Mar. 28, 2012); *Henderson-Harrison v. Astrue*, No. 10-1218-JWL, 2011 U.S. Dist. LEXIS 42050, at *9-14 (D. Kan. Apr. 18, 2011).

Based on the foregoing, the court concludes that the ALJ erred in his analysis at step four of the sequential evaluation process. Accordingly, this case should be reversed and remanded.

## CONCLUSION AND RECOMMENDATION

The court concludes that the ALJ erred at step four of the sequential evaluation process, as detailed above. Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **REVERSED AND REMANDED.**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of October, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge